IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:02-548-CMC |
| v. | **OPINION and ORDER** |
| Boyce Tisdale, | |
| Defendant. | |

This matter is before the court on Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255.

Defendant raises four grounds challenging his conviction, although one ground (Ground Three) is merely an argument that equitable tolling should be applied to his motion, which is untimely under the time limit imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Defendant's other three grounds for relief contend that: (1) the statutes under which Defendant was indicted are unconstitutional; (2) this court did not have jurisdiction over his case; and (4) the Constitution confers no criminal jurisdiction on the federal courts. Because Grounds Two and Four are, for all intents and purposes, the same, this court combines them for disposition.

The Government has responded that the § 2255 motion is untimely and that it should be dismissed. Defendant has responded that subject matter jurisdiction can be raised at any time, and that his claims should, therefore, be disposed of on the merits.

Defendant's first claim, that the drug statutes under which he pleaded guilty are unconstitutional, is untimely. The AEDPA imposed a one-year statute of limitations on motions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

1

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a defendant must file an application for relief under § 2255 within one year of his conviction becoming final.

Defendant was sentenced by this court on July 25, 2005. Defendant's Judgment Order was entered on August 3, 2005. Defendant did not appeal his conviction or sentence, and did not file the instant § 2255 petition until May 30, 2007.[1] Because Defendant did not appeal his conviction or sentence, his conviction became final the date his Judgment Order was entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, Defendant had until August 3, 2006, to file the instant motion.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

---

[1] Defendant's motion was received by the Clerk of Court on May 31, 2007. The motion is dated May 25, 2007, and appears to have been delivered to prison officials on May 30, 2007. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding pleading filed at the time inmate delivered it to the prison authorities for forwarding to the court clerk). Therefore, this court will assume Defendant filed the motion on May 30, 2007.

*Id*. at 330. Defendant would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements. Defendant presents no evidence or argument that he, at any point during the past two years, attempted to make any of the arguments he now asserts, nor has he made any claim he was duped by some action of the Government into not timely filing a § 2255 petition. Therefore, Defendant's first claim is untimely.

Defendant's other claims (that this court lacked subject matter jurisdiction to convict and sentence him) are patently frivolous.[2] Subject matter jurisdiction over a federal prosecution is conferred on the district court by 18 U.S.C. § 3231 (2000). *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir.2006). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999).[3]

Defendant's motion is dismissed with prejudice.

---

[2] The Government moved to dismiss these claims as untimely as well, but challenges to subject matter jurisdiction can be raised at any time. Subject-matter jurisdiction can "'never be forfeited or waived'; 'it involves a court's power to hear a case.'" *United States v. Hartwell*, 448 F.3d 707, 715 (4th Cir. 2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[A]ny action by a court without subject-matter jurisdiction is ultra vires and therefore void." *Id*. (internal citations omitted). Assuming without deciding that such claims could be brought in an untimely § 2255 motion, the court therefore addresses the claims' substance.

[3] To the extent that Defendant's first claim can be read to challenge the court's subject matter jurisdiction, the court applies the same reasoning to this claim.

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON McGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 26, 2007

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\usa v. Tisdale 02-548 e dism as untimely.wpd